O’Donnell, J.,
dissenting.
{¶ 2} I respectfully dissent from the majority’s decision to resolve these appeals by declaring that they were improvidently accepted.
{¶ 3} These appeals involve an issue that should be decided on the merits. In my view, the matter should be briefed because it has been pending in this court since July 2014 and was held for Taylor v. First Resolution Invest. Corp., — Ohio St.3d -, 2016-Ohio-3444, — N.E.3d -, and the important question left unanswered by that decision regarding when a claim for breach of a credit card contract accrues should be promptly resolved. This question is one of great general interest and is likely to reoccur in light of the fact that one context in which it arises is “from the now common phenomenon of debt sales,” id. at ¶ 2, and “[a] predictable result of debt buyers filing a high volume of lawsuits based on imperfect information [about the debts they have purchased] is that lawsuits are regularly filed after the right to collect debts has expired * * *,” id. at ¶ 6.
{¶ 4} Accordingly, I would maintain jurisdiction of these appeals, consider the issue involved, and resolve the matter for the benefit of the jurists who will confront this issue without our guidance and for the benefit of the lawyers and *113 litigants who will undoubtedly be wholly frustrated by the majority’s resolution, which avoids the question.
Janik, L.L.P., Steven G. Janik, Crystal L. Maluchnik, and Ellyn Tamulewicz Mehendale, for appellant Midland Funding, L.L.C.
Javitch Block, L.L.C., and James Y. Oh, for appellant Javitch, Block & Rathbone, L.L.P., n.k.a. Javitch Block, L.L.C.
The Misra Law Firm, L.L.C., and Anand N. Misra; and Robert S. Belovich, for appellee, Dustie Hottenroth, n.k.a. Dustie Miller.
LaNzinger, J., concurs in the foregoing opinion.